**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**



FILED

DEC -6 2011

CLERK, US DISTRICT COURT
NEWPORT NEWS, VA

FERGUSON ENTERPRISES, INC. )
12500 Jefferson Avenue )
Newport News, VA 23602-4314 )
)
    Plaintiff, )
)
v. )   Civil No. 4: 11-CV-160
)
LORTECH RUBBER INC. )
23 Kenyon Street )
Brantford, ON, N3S 7R7 )
)
    Defendant. )
)

## COMPLAINT

Plaintiff, Ferguson Enterprises, Inc. ("Ferguson"), by and through counsel, brings this

action for breach of warranty, breach of contract, and indemnity against the Defendant, Lortech

Rubber Inc. ("Lortech"). In support of its Complaint, Ferguson alleges as follows:

### NATURE OF THE CASE

1.     This breach of warranty, breach of contract, and indemnity action arises out of a

series of written purchase and sale agreements between Ferguson and Lortech (together the

"Parties") under which Lortech was to sell, and Ferguson was to purchase, gaskets suitable for

use in commercial and industrial applications. Ferguson is a wholesale distributor of commercial

and industrial products, including gaskets of the type it purchased from Lortech. Ferguson

intended to (and did) resell to its customers the gaskets it purchased from Lortech.

2.     Pursuant to the Parties' written purchase and sale agreements and

communications, the gaskets delivered by Lortech were to conform to certain specifications,

requirements, and descriptions. Lortech repeatedly represented to Ferguson that the gaskets it

sold and delivered to Ferguson conformed to these written specifications, requirements, and

descriptions. Ferguson relied on Lortech's agreements, representations, and promises regarding the specifications of the gaskets when it agreed to purchase the gaskets from Lortech and when it accepted the gaskets when tendered.

3.    Pursuant to the Parties' written purchase and sale agreements, Lortech sold and delivered hundreds of thousands of gaskets to Ferguson over a several-year period. Ferguson in turn resold the gaskets it purchased from Lortech to its commercial and industrial customers throughout the United States, including customers in the Commonwealth of Virginia, where Ferguson is headquartered.

4.    Ferguson has discovered that certain gaskets that Lortech sold and delivered to Ferguson during the period from May 2006 to December 2009 did not conform to the specifications, requirements, and descriptions required by the Parties' purchase and sale agreements and Lortech's representations regarding the nature of the gaskets. Accordingly, Lortech has breached the express and implied warranties that it made to Ferguson in connection with the sale of the gaskets.

5.    As a result of Lortech's breaches of its representations and warranties to Ferguson, Ferguson has been damaged. Ferguson has incurred significant costs to notify its customers about the nonconforming nature of the Lortech gaskets. Ferguson has incurred, and will continue to incur, ongoing costs to address its customers' questions and concerns about the Lortech gaskets. Because of these and other damages, Ferguson is entitled to recover compensatory damages in an amount to be determined at trial.

6.    Ferguson has promptly and repeatedly notified Lortech about its breaches of representations and warranties, but Lortech has failed and refused to make good on those promises in violation of its obligations in the event of such a default. Contrary to its duty of

2

good faith and fair dealing, Lortech has prevented Ferguson from exercising its rights in the event of a default by Lortech by refusing to admit that it breached its representations and warranties to Ferguson by the sale of nonconforming gaskets, failing and refusing to reimburse Ferguson for the costs it has incurred (and will continue to incur) as a result of Lortech's breaches, refusing to provide information to Ferguson to allow Ferguson to identify the precise scope of the issue with the potentially affected gaskets, refusing to account for the cause of the nonconformity, and refusing to cooperate with Ferguson's efforts to mitigate the damages caused by Lortech's breaches. Further, despite a provision in the Parties' purchase and sale agreements that requires Lortech to indemnify Ferguson, Lortech has not indemnified Ferguson for the losses, costs, expenses, or liabilities Ferguson has already incurred as a result of Lortech's breaches.

## PARTIES

7.     Plaintiff Ferguson Enterprises, Inc. is a leading nationwide wholesale distributor of plumbing supplies; pipes, valves and fittings; heating and cooling equipment; waterworks; appliances; tools and safety equipment; and fire protection products. Ferguson purchased gaskets from Lortech and resold them to customers throughout the United States, including customers in the Commonwealth of Virginia. Ferguson is a Virginia corporation with its principal place of business at 12500 Jefferson Avenue, Newport News, VA 23602-4314. Ferguson employs over 2,000 people in Virginia.

8.     Defendant Lortech Rubber, Inc. is a manufacturer and supplier of gaskets that sells gaskets to commercial and industrial customers throughout North America. In the past, Lortech has held itself out as an ISO certified supplier. Lortech sold gaskets to Ferguson pursuant to written purchase and sale agreements. On information and belief, Lortech is, and at

3

all times relevant to this complaint was, a Canadian corporation with its principal place business at 23 Kenyon St, Brantford, ON, N3S 7R7.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2) because the action is between a citizen of a state and a citizen of a foreign state, and the amount in controversy exceeds the sum of $75,000.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(d) because Lortech is an alien corporation and pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the causes of action stated herein occurred in this district. Upon receipt from Lortech, Ferguson shipped substantial numbers of the Lortech gaskets to its distribution center and branches in Virginia, where in turn they were sold to customers. Ferguson sold approximately $625,000 worth of Lortech gaskets in Virginia to approximately 1,400 different Virginia customers during the relevant period.

11.     Lortech has consented to jurisdiction in this Court. The terms and conditions of the purchase and sale agreements between the Parties, a copy of which is attached as Exhibit 1 and incorporated by reference, state that "all actions commenced pursuant [to the agreement] shall be brought in a court of competent jurisdiction residing in the Commonwealth of Virginia."

## FACTUAL BACKGROUND

### Lortech's Representations and Warranties

12.     During the course of the Parties' relationship, Ferguson and Lortech negotiated and entered into written purchase and sale agreements by which Lortech would manufacture and deliver to Ferguson gaskets that were to meet certain specifications and requirements for size and composition.

4

13.     Ferguson set forth the specifications and requirements for the gaskets in written purchase orders that it sent to Lortech.

14.     In response to the written purchase orders, Lortech issued written "pick slips" to Ferguson. The pick slips described the gaskets to be shipped and affirmed and promised that the gaskets to be shipped conformed to the specifications and requirements set forth by Ferguson in the purchase order.

15.     Lortech also sent material safety data sheets to Ferguson describing the composition of the gaskets. These material safety data sheets were sent to Ferguson at times and in manners that constituted an additional representation and warranty that the gaskets Lortech was shipping to Ferguson met the description in the sheets.

16.     These affirmations and promises made by Lortech served as the basis of the bargain between the Parties. And Ferguson purchased the gaskets in reliance on Lortech's affirmations and promises.

17.     Pursuant to the written purchase and sale agreements mutually reached by the Parties, Lortech manufactured and fabricated the gaskets and delivered the gaskets to Ferguson at its receiving facility in City of Industry, California, where the goods were repackaged for delivery to Ferguson's distribution centers and branches across the United States, including Ferguson's distribution centers and branches in Virginia.  Ferguson's branches then sold the gaskets to commercial and industrial customers, including customers in Virginia.

18.     Pursuant to the Parties' written purchase and sale agreements, and in accordance with the course of dealing described above, Lortech sold and delivered hundreds of thousands of gaskets to Ferguson over a three-and-a-half year period from May 2006 to December 2009.

Ferguson in turn resold the gaskets it purchased from Lortech to its commercial and industrial customers.

19.     In each instance, Ferguson accepted delivery and paid for the Lortech gaskets believing that the gaskets were as warranted by Lortech and that the gaskets conformed to the specifications, requirements, and descriptions set forth in the purchase orders, pick slips, and material safety data sheets.

## Lortech's Breaches

20.     The gaskets Lortech sold and delivered to Ferguson during the May 2006 to December 2009 time period did not conform to the specifications, requirements, and descriptions set forth in the purchase orders, pick slips, and material safety data sheets. Specifically, the nonconforming gaskets contain a particular naturally occurring mineral that was specified, required, and represented by the purchase orders, pick slips, and material safety data sheets to be absent from the gaskets.

21.     Ferguson has provided prompt, specific notice to Lortech of its breaches of warranty. On each specific instance that Ferguson has discovered or received notice of a Lortech gasket that did not meet its specifications, requirements, and warranties, Ferguson promptly notified Lortech, identified the specific nature of the nonconformity, and demanded a remedy. Ferguson also notified Lortech that Ferguson is required to incur significant costs to notify its gasket customers that they may have received nonconforming Lortech gaskets and that Ferguson has incurred, and will continue to incur, ongoing costs to address its customers' questions and concerns.

22.     In the event of a delivery of nonconforming goods or other default, Ferguson has certain contractual rights, including "the right at any time to require assurance from [Lortech]" and the right to "correct...the nonconformity at [Lortech's] expense."

23.     Consistent with its contractual rights, Ferguson has tried repeatedly to secure Lortech's cooperation in mitigating the damages to Ferguson from Lortech's sale and delivery of nonconforming gaskets.  On multiple occasions over a period of several months, Ferguson has attempted, both verbally and in writing, to obtain information from Lortech about the scope of the issue with the potentially affected gaskets, the cause of the nonconformity, and other information that would be highly relevant to Ferguson and its customers in understanding the issues arising from Lortech's sale and delivery of nonconforming gaskets.  Lortech's refusal to cooperate with Ferguson and provide the requested information has caused, and will cause, Ferguson to incur unnecessary additional costs arising from Lortech's breaches.

24.     In violation of its duty of good faith and fair dealing and Ferguson's contractual rights to seek assurances and correct a nonconformity, Lortech has failed and refused to remedy its multiple breaches of the Parties' purchase and sale agreements.  Lortech has refused to admit that it breached its representations and warranties to Ferguson by the sale of nonconforming gaskets, failed and refused to reimburse Ferguson for the costs it has incurred (and will continue to incur) as a result of Lortech's breaches, refused to provide information to Ferguson to identify the precise scope of the issue with the potentially affected gaskets, refused to account for the cause of the nonconformity, and refused to cooperate with Ferguson's efforts to mitigate the damages caused by Lortech's breaches.

### Lortech's Indemnification Obligation

25.     The purchase orders sent by Ferguson to Lortech also incorporated certain standard terms of purchase into the Parties' purchase and sale agreements.  By accepting Ferguson's purchase order and delivering gaskets without objection, Lortech agreed to these standard terms of purchase.

26.     The standard terms of purchase include an indemnity clause in which Lortech agreed to indemnify Ferguson. The indemnity clause states that:

> To the fullest extent permitted by law, [Lortech] agrees to indemnify, save harmless, and defend [Ferguson] and its affiliated companies, their customers, directors, officers, employees and agents, from and against any loss, liability, cost, expenses, suits, actions, claims and all other obligations and proceedings whatsoever, including without limitation, all judgments rendered against, and all fines and penalties imposed upon [Ferguson] and any reasonable attorney's fees and any other cost of litigation (hereinafter collectively referred to as "liabilities") arising out of injuries to persons, including death, or damage to property, caused by [Lortech], its employees, agents, subcontractors, or in any way attributable to the performance and prosecution of the work herein contracted for, including without limitation breach of warranty or product liability except that [Lortech's] obligation herein to indemnify [Ferguson] shall not apply to any liabilities arising from [Ferguson's] sole negligence.   [Lortech] agrees to expressly waive its immunity, if any, under the applicable workers' compensation law if such immunity may affect this indemnification obligation.

27.     In accordance with the terms of the purchase and sale documents, Ferguson has sought indemnification from Lortech.

28.     Lortech has failed and refused to indemnify Ferguson for the losses, costs, expenses and liabilities Ferguson has already incurred as a result of Lortech's multiple breaches of warranty. Given Lortech's persistent and ongoing refusals to cooperate and communicate with Ferguson, Ferguson reasonably anticipates that Lortech will fail and refuse to indemnify Ferguson for any future losses, costs, expenses, and liabilities.

## COUNT I
## (BREACH OF EXPRESS WARRANTIES)

29.     Ferguson hereby re-alleges and incorporates by reference herein the allegations contained in Paragraphs 1-28.

30.     Lortech expressly warranted that the gaskets it manufactured and delivered to Ferguson would meet the specifications, requirements, and description set forth in the purchase orders, pick slips, and the material safety data sheets.

31.     These express warranties formed the basis of the agreements between the Parties, and Ferguson purchased the gaskets in reliance on the warranties.

32.     The gaskets that Lortech delivered to Ferguson did not conform to the express warranties made by Lortech; thus Lortech breached the express warranties.

33.     Ferguson timely notified Lortech of the breaches, but Lortech has not remedied the breaches.

34.     Lortech's breaches of the express warranties have damaged and will cause further damage to Ferguson in at least the following ways: (a) by causing Ferguson to spend money to notify its customers about the nonconforming nature of the Lortech gaskets; and (b) by causing Ferguson to spend money to address and respond to its customers' questions and concerns about the Lortech gaskets.

## COUNT II
## (BREACH OF IMPLIED WARRANTY)

35.     Ferguson hereby re-alleges and incorporates by reference herein the allegations contained in Paragraphs 1-34.

36.     Lortech is a merchant with respect to the gaskets it sold and delivered to Ferguson, and there was in the sale of the gaskets an implied warranty that the gaskets were merchantable.

37.     Lortech breached that warranty in that the gaskets it sold and delivered to Ferguson would not pass without objection in the trade under the descriptions provided in the purchase orders, pick slips, and material safety data sheets.

38.     Ferguson timely provided notification of the breaches to Lortech, but Lortech has not remedied the breaches.

39.     Lortech's breaches of the implied warranties have damaged and will cause further damage to Ferguson in at least the following ways: (a) by causing Ferguson to spend money to notify its customers about the nonconforming nature of the Lortech gaskets; and (b) by causing Ferguson to spend money to address and respond to its customers' questions and concerns about the Lortech gaskets.

## COUNT III
## (BREACH OF CONTRACT)

40.     Ferguson hereby re-alleges and incorporates by reference herein the allegations contained in Paragraphs 1-39.

41.     The purchase orders and pick slips between the parties created valid agreements for the purchase and sale of gaskets whereby Lortech promised to deliver gaskets in conformance with the specifications and requirements set forth by Ferguson's purchase orders.

42.     In the event of a delivery of nonconforming goods or other default, Ferguson had certain contractual rights, including the right at any time to require assurances from Lortech and the right to correct the nonconformity at Lortech's expense.

43.     Lortech breached its obligations to Ferguson and prevented Ferguson from exercising its contractual rights by refusing to admit that it breached its representations and warranties to Ferguson by the sale of nonconforming gaskets, refusing to provide information to allow Ferguson to identify the precise scope of the issue with the potentially affected gaskets, refusing to account for the cause of the nonconformity, and refusing to cooperate with Ferguson's efforts to mitigate the damages caused by Lortech's breaches.

44.     Lortech's breaches of contract have damaged and will cause further damage to Ferguson in at least the following ways: (a) by causing Ferguson to spend money to notify its customers about the nonconforming nature of the Lortech gaskets; and (b) by causing Ferguson

to spend money to address and respond to its customers' questions and concerns about the Lortech gaskets.

## COUNT IV
## (INDEMNITY)

45.     Ferguson hereby re-alleges and incorporates by reference herein the allegations contained in Paragraphs 1-44.

46.     The agreements between the Parties expressly require Lortech to indemnify Ferguson, its affiliated companies, customers, and agents "against any loss, liability, cost, expenses, suits, actions, claims and all other obligations and proceedings whatsoever including without limitation...any reasonable attorneys fees and other cost of litigation..." arising out of the performance of the agreement, "including without limitation breach of warranty."

47.     Ferguson has incurred significant costs to notify its gasket customers in the United States that they may have received nonconforming Lortech gaskets.  Ferguson has incurred, and will continue to incur, ongoing costs to address its customers' questions and concerns about the nonconforming Lortech gaskets.  Lortech has failed and refused to indemnify Ferguson for any of these costs.

## PRAYER FOR RELIEF

WHEREFORE, Ferguson respectfully requests that the Court enter judgment in its favor and against Lortech, and:

1.     Award Ferguson direct, incidental, and consequential monetary damages in an amount to be determined at trial, with appropriate interest, for the harm that Ferguson has suffered as a result of Lortech's breach;

2.     Award Ferguson its attorneys' fees and costs incurred as a result of prosecution of these claims, with appropriate interest;

11

3.    Order that Lortech indemnify, hold harmless, and defend Ferguson and its affiliated companies, their customers, directors, officers, employees and agents, from and against any loss, liability cost, expenses, suits, actions claims and all other obligations and proceedings whatsoever;

4.    Order such other relief as this Court deems just and proper.

Dated:  December 6, 2011                          Respectfully submitted,

_Thomas A. Clare, P.C._
Thomas A. Clare, P.C. (Va. Bar No. 39299)
Rebecca A. Koch
Katherine A. Crytzer
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C.  20005
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200
thomas.clare@kirkland.com
rebecca.koch@kirkland.com
katherine.crytzer@kirkland.com

*Attorneys for Ferguson Enterprises, Inc.*